IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANETTE B. SEAMAN | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-1855 |
| SOCIAL SECURITY ADMINISTRATION | : | |
| | : | |
| Defendant | : | |

GOLDEN, J                                                                                              JULY 8, 2008

## MEMORANDUM OPINION

*Pro se* plaintiff filed objections to the Magistrate Judge's Report and Recommendation ("R&R") by letters dated January 21, 2008 and February 5, 2008.  For the purposes of this appeal, the Court will consider the substance of both letters as plaintiff's objections ("Objections").  After careful review the R&R and the Objections thereto, the Court will adopt the R&R.  The following Opinion serves simply as clarification of the Court's ruling.

APPLICABLE LAW

The Court is limited in its review of the ALJ's decision.  The ALJ's findings of fact will be upheld so long as they are supported by "substantial evidence."  Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (internal quotations omitted).  "It is less than a preponderance of the evidence but more than a mere scintilla."  Id.  The court should give deference to the ALJ's ruling on factual issues even if the Court would have come to a different conclusion if ruling *de novo*, but the Court also has plenary review of all legal issues.

Schaudeck, 181 F.3d at 431.  In addition, plaintiff is proceeding *pro se*, and as such we should consider *sua sponte* issues relating to her case which she has not raised.  Id. at 435.

To be considered "disabled" for the purposes of the Social Security Administration ("SSA"), a claimant must pass "a five-step sequential process"[1] in which the claimant bears the burden of proof for all but the fifth step.  Barnhart v. Thomas, 540 U.S. 20, 25 (2003).  If at any point the plaintiff fails to meet this burden of proof, the ALJ is to find claimant not disabled and deny plaintiff's claim.  Id.  Plaintiff made it through the first three stages of the inquiry, at which point the ALJ is to make an assessment of her residual functional capacity ("RFC") to do her past work.  Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (2000).  "'Residual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)."  Id. at 121 (citations omitted).

The ALJ found plaintiff's disability did not meet the requirements of Step Four, which involves using the RFC to determine "whether the claimant can do [her] past work; unless [s]he shows that [s]he cannot, [s]he is determined not to be disabled."  Thomas, 540 U.S. at 25.  The

---

[1] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:
  1. If claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to step 2.  See 20 C.F.R. § 404.1520(b).
  2. If claimant is found not to have a severe impairment which significantly limits his or her physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  See 20 C.F.R. § 404.1520©.
  3. If claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disable dis directed.  Otherwise proceed to Step 4.  See 20 C.F.R. § 404.1520(d).
  4. If claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  See 20 C.F.R. § 404.1520(f).
  5. The Commissioner will determine whether, given claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled.  See 20 C.F.R. § 404.1520(g).

ALJ determined plaintiff's RFC was a "[f]ull range of sedentary exertional work," and that her "past relevant work as a medical transcriptionist did not require the performance of work-related activities precluded by her residual functional capacity." (R. 22-23). On the basis of this evidence, the ALJ found plaintiff not disabled and denied her claim. Plaintiff's argument in appealing that ruling is that she was unable to continue her work as a medical transcriptionist because it required use of a computer, which is implied to be the primary means of input in the modern medical transcription market.

## DISCUSSION

In her Objections to the R&R, plaintiff disputes the ALJ's finding that she had the RFC to perform past relevant work, stating "if I [had that RFC] I would have stayed at Jeanes [Hospital working as a medical transcriptionist] til age 65 . . . ." (Objections at 1). Unfortunately, plaintiff expresses a fundamental misunderstanding of the meaning and purpose of the RFC test at this stage of the determination. RFC is the determination of what a person can do *despite* his or her impairments. Burnett, 220 F.3d at 121 (emphasis added). A finding of disability requires a claimant to explain how the functional limitations caused by her medical conditions completely prevent her from working. See 20 C.F.R. § 404.1529(c)(1). The R&R concludes, and this Court agrees, that there is substantial evidence to find plaintiff could perform the exertional demands of sedentary work, despite her inability to adapt to using computer. There is nothing in the record to show plaintiff has an inability to "lift[] no more than 10 pounds at a time and occasionally lift[] or carry[] articles like docket files, ledgers and small tools." 20 C.F.R. § 404.1567(a).

Thus, she has failed to establish that her condition precludes all work.[2]

To complete the Step Four analysis of claimant's ability to perform "past relevant work," the ALJ must apply a three step analysis to the claimant's situation. The three steps in this inquiry are:

> (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

Burnett, 220 F.3d at 120. In this case, the ALJ made a factual determination that plaintiff had the RFC to do sedentary work based on an analysis of her testimony and her medical reports. (R. 19-21). The ALJ then analyzed plaintiff's past work as a medical transcriptionist based on her description and its general function, finding the job requires only sedentary capacity. (R. 21-22). Finally, the ALJ compared plaintiff's RFC of sedentary exertion to the RFC of medical transcription, also sedentary, in finding that she retained the ability to do past relevant work.[3] While plaintiff may have found herself unable to do the *specific work* she had performed in the past due to technological changes in the profession and the required use of a computer to complete medical transcription, this does not mean that she is unable to do *similar work* within her clerical skill set. The Court is sympathetic to plaintiff's situation and her perceived inability

---

[2] Plaintiff expresses concern about the degree to which her age factored into the ALJ's decision. Unfortunately, individualized factors such as age, education, and work experience are not taken into account until Step Five of the five-step sequential analysis. See 20 C.F.R. § 416.920(4)(v); Thomas, 540 U.S. at 28.

[3] Examples of other claimants found capable of doing "past relevant work" that was not their specific prior job include Perez v. Comm'r of Soc. Sec., 96 Fed. Appx. 805 (April 19, 2004) (nonprecedential) (Third Circuit held the ALJ "was entitled to consider whether Perez could perform the job as it is customarily performed in the national economy" even though her specific experience was medium, not light exertion); Tuohy v. Comm'r of Soc. Sec., 127 Fed. Appx. 62, 65 (April 1, 2005) (nonprecedential), (Third Circuit held a receptionist "retained the residual functional capacity to engage in work *equivalent* to her past work as a receptionist/clerk-typist and receptionist/switchboard operator").

to remain a productive member of the work force, however, there is substantial evidence to support the ALJ's finding that plaintiff is not disabled and can perform the exertional demands of her past sedentary work.

As such, the ALJ correctly applied SSA procedure in determining that plaintiff's impairment allowed her to continue doing sedentary work, and that her previous employment as a medical transcriptionist constituted sedentary work.  Thus, the Court agrees with the R&R finding of substantial evidence to support the ALJ's determination that plaintiff's past relevant work as a medical transcriptionist did not require performance of work-related activities precluded by her residual functional capacity.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANETTE B. SEAMAN | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-1855 |
| SOCIAL SECURITY ADMINISTRATION | : | |
| | : | |
| Defendant | : | |

**ORDER**

AND NOW, this 8th day of July, 2008, after careful review and independent consideration of Plaintiff's request for review, Defendant's response thereto, Plaintiff's reply thereto, and review of the Report and Recommendation of U.S. Magistrate Judge Carol Sandra Moore Wells, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Plaintiff's Request for Review is Denied; and

3. Judgment is Entered in favor of the Commissioner of the Social Security Administration.

4. The Clerk is directed to close this case for statistical purposes.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.